## LEVI JOHNSON, *Treasurer*, *vs.* NOAH GOODRIDGE.

A collector of taxes, who has given a bond to the town " to pay over the money collected to the treasurer," is bound to pay over money voluntarily paid to him by the inhabitants, although the tax bills committed to him are imperfect and illegal, and although he has received no collector's warrant.

If a majority of the assessors sign the tax lists in such manner, as clearly to show their intention to give them their official sanction, it is immaterial on what part of the lists the signatures appear.

DEBT on a bond, given by *Jonathan Goodridge*, as principal, and the defendant, as surety, jointly and severally, to the plaintiff as

Treasurer of the town of *Canaan*, with this condition. "The condition of this obligation is such, that whereas the said *Jonathan Goodridge* was chosen to the office of collector for the town of *Canaan*, for the year 1832; now if the said *Jonathan Goodridge* shall faithfully perform his duty, and pay over the money collected to the said treasurer, then this obligation shall be void, otherwise shall remain in full force and virtue." The facts in the case sufficiently appear in the opinion of the Court. A default was entered, subject to be taken off, if the action could not be maintained.

*Tenney*, for the defendant, contended:

1. The action cannot be maintained, because the tax bills committed to the collector were not signed by the assessors. *Foxcroft* v. *Nevens*, 4 *Greenl.* 72; *Colby* v. *Russell*, 3 *Greenl.* 227; *Mansfield* v. *Doughty*, 3 *Mass. R.* 398.

2. Because the collector had no warrant or power to collect the taxes, or to excuse him from personal liability. *Ford* v. *Clough*, 8 *Greenl.* 342; *Colby* v. *Russell*, before cited; *Holden* v. *Eaton*, 8 *Pick.* 346; *Elwell* v. *Shaw*, 1 *Greenl.* 339; *Salem I. F. Co.* v. *Danvers*, 10 *Mass. R.* 514; *Amesbury W. & C. Co.* v. *Amesbury*, 17 *Pick.* 461.

*Wells* and *L. Johnson*, for the plaintiff, contended, that as the money was voluntarily paid by the inhabitants, who could not under such circumstances recover it back, the collector should be held to pay it over to the town according to the condition of his bond; or it would operate not only as a fraud upon the town, but upon the inhabitants who had paid their taxes. *Foxcroft* v. *Nevens*, 4 *Greenl.* 72, and cases there cited; *Ford* v. *Clough*, 8 *Greenl.* 334, and cases there cited.

After advisement, the opinion of the Court was drawn up by

SHEPLEY J. — The defendant is surety on the official bond of *Jonathan Goodridge* as collector of taxes for the town of *Canaan*, for the year 1832. The condition of the bond is, "now if the said *Jonathan Goodridge* shall faithfully perform his duty and pay over the money collected to the treasurer, then this obligation to be void."

The facts relied upon to prove a breach, are ; that during the year 1832, certain bills, on what was called the fine tax on the highway, in the handwriting of one, and having the signatures and direction of two out of the three assessors, on the first page, in these words, " To *Jonathan Goodridge*, collector. Fine tax on the highways for 1832, assessed on the estates of non residents by

" *Wentworth Tuttle*, ⎰ *Assessors of*
" *Isaac Holt*,  ⎱  *Canaan*."

were put into the hands of the collector for collection, without any accompanying warrant. And that said collector had made certain collections upon these bills, which he had not paid over to the treasurer. Upon inspection of the tax lists which are referred to, it appears, that the two first pages purport to be assessments on the estates of non residents ; and the remaining pages assessments upon the polls and estates of residents.

The defence is, that the defendant is not liable, because the tax lists were not under the hands of a majority of the assessors ; and because the assessors did not commit the same with a warrant under their hands to the collector, the statute requiring both these acts to be performed by them.

It is admitted, that there was no warrant, but insisted, that the tax lists were sufficiently authenticated. In the statute, the language used is not, subscribed, or signed ; it is, " make perfect lists under their hands." All that can reasonably be required, is to accomplish the object designed by the statute, which is, that the lists should bear upon them the official sanction of a majority of the assessors, evidenced by their signatures. If a majority sign the lists in such a manner as to shew that the intention was thereby to give them their official sanction, that may be sufficient, on whatever part of the lists it be made. But the intention or object of the signature must clearly appear. It must be a signing for the purpose of special authentication. It is difficult to say, that any more of these lists, than the pages bearing the assessments upon non residents are so authenticated. The assessors limit their signatures to taxes on the estates of non residents ; and the words, " non residents," being a proper description of certain portions of the tax lists, cannot be rejected as words without meaning. The collector must then be regarded as having lists of assessment not in a legal form put

into his hands to collect, and without any warrant for so doing. Yet he has collected portions of the taxes on such lists, and has not paid over the money to the treasurer. This money is not his own; he does not prove that it was received under such a mistake of facts, or in such a compulsory manner, that he is obliged by law to return it to those from whom he received it. The argument is, that it might have been so received, but the Court can act only upon proof. The money was collected by him in his official character as collector, and in that character he holds it. One of the acts required of him by the bond is, " to pay over the money collected to the treasurer." That duty he has not performed, and the result is a clear breach of his bond, unless he is excused by some neglect on the part of the officers of the town, in doing what the bond or contract between the parties required of them. If the plaintiff sought to recover of the defendant damages for want of faithfulness in collecting, or in performing other duties, than that of paying over money collected; the defence might be good, that the officers of the town had not on their part performed their duty so as to enable him to perform his. But they have placed no obstructions in the way of his duty in paying over money collected; nor is there any thing in the *condition of the bond* requiring them to do as a precedent act, what they have not done.

In the case of *Foxcroft* v. *Nevens,* 4 *Greenl.* 72, the condition of the bond was in substance, that he should collect and pay into the treasury, all such taxes as he should have sufficient warrant for; and the bond itself imposed the duty upon the plaintiff to shew, that he had a warrant. Failing to do this, the Court held, that no breach of the bond was proved. That this was the ground of decision clearly appears, where it is said by the present Chief Justice, " but the limitation here extends as well to the sums which were to be accounted for and paid over, as to those which were to be collected."

In the case of *Ford* v. *Clough,* 8 *Greenl.* 334, the condition of the bond was, " faithfully to discharge his duty as collector;" and the objections were there taken, that no legal lists were committed to the collector, and that he had no legal warrant. The then Chief Justice, reasoning upon the case as thus stated, and without inquiring whether the facts were so, assigns his reasons for the opinion,

and says, " for these reasons we are of opinion, that according to the facts, as found by the jury, the condition of the bond has been violated by the unfaithfulness and negligence of *Clough*, in not paying into the town treasury the moneys he had collected on the bills of assessment committed to him for collection, though such bills were liable to the objections urged against them, by reason of the specified imperfections therein, and omissions of duty on the part of the assessors before and at the time of commitment."

Whether the other town officers have performed their duties or not, is not made a part of the contract between the parties in this case ; and their neglect cannot therefore be assigned by the collector, or his surety, as an excuse for any neglect of his, which did not happen in consequence of theirs.

*Judgment on the default.*