## LIDDELL *v.* STONE.

Opinion delivered December 11, 1911.

1. TAXATION—SUFFICIENCY OF WARRANT TO COLLECT TAXES.—Where the warrant to collect taxes, bearing the clerk's seal but not his signature, concluded with the following testimonial clause, towit: "In testimony whereof I, J. C. Mitchell, Clerk of the County Court of Poinsett County, have hereunto set my hand and seal this———day of December, 1904," the failure to sign the warrant is a mere clerical error which will not invalidate a tax sale. (Page 329.)

2. SAME—SUFFICIENCY OF RECORD OF TAX SALES.—Under Kirby's Digest, sec. 7092, providing that the clerk shall make a record of all sales of delinquent lands, it is unimportant where the clerk keeps his record if he does in fact keep a duly certified record of the tax sales in his office open to the inspection of land owners. (Page 330.)

Appeal from Poinsett Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Hawthorne & Hawthorne,* for appellant.

The tax title held by appellees is void:

1. Because of the failure of the clerk to attach to the tax books his warrant authorizing the collection of the taxes. Kirby's Digest, § 7026; 19 Ark. 602; 30 Ark. 274; 43 Ark. 296. A warrant attached to a tax book which is not signed by the clerk confers no power upon the collector; and a seal attached to the warrant, unaccompanied by the signature of the clerk, is no evidence of its having been executed. Cooley, Taxation, 292.

2. Because the clerk kept no record of "Lands sold to the State" nor of "Lands sold to Individuals." Keeping the record of "Lands Returned Delinquent," entering therein the amount of taxes penalty and costs, names of purchasers and to whom deeds were made, was not a compliance with the statute. Kirby's Dig. § 7092; 70 Ark. 323; 61 Ark. 36; 61 Ark. 414 91 Ark. 117.

*Benj. Harris,* for appellee.

The warrant of the clerk attached to the tax book was in common form, addressed to the collector, and had the proper testimonial clause attached. It was valid. Black on Tax Titles, 202. The record of the sale of lands delinquent for the nonpayment of taxes for the year 1904 as kept by the clerk is valid. 91 Ark. 117.

McCULLOCH, C. J. The question for decision in this case is as to the validity of sales of land in the year 1905 for taxes of 1904 in Poinsett County. There are two points of attack upon the sale: first, that the real estate tax book for the year in question did not bear the clerk's warrant to the sheriff authorizing him to collect the taxes; and, second, that the clerk did not properly keep a certified record of the tax sales.

The statute provides that "the clerk of the county court of each county shall, on or before the first Monday in January in each year, make out and deliver the tax books of his county to the collector, with his warrant thereunto attached, under his hand and the seal of his office, authorizing said collector to collect such taxes." Kirby's Digest, § 7026.

The evidence in the case establishes the fact that, on the inside of the cover of the tax book, there was attached a typewritten form of warrant, bearing the clerk's seal but not his signature at the end thereof, and concluding with the following testimonial clause, namely: "In testimony whereof I, J. C. Mitchell, Clerk of the County Court of Poinsett County, have hereunto set my hand and seal this—day of December, 1904." The tax collector testified that the book was delivered to him by the clerk, and that it bore the clerk's seal at the time. Was that a sufficient compliance with the statute in this respect to authorize a sale of the land for taxes? The statute in express terms requires the clerk to attach his warrant to the tax books. In *Keith* v. *Freeman*, 43 Ark. 296, the court held that the warrant was essential to the proper authorization of the collection of taxes. We are of the opinion, however, that the warrant sufficiently complied with the statute, or, rather, that the failure of the clerk to sign his name at the end of the warrant was a mere irregularity and did not render it void. It will be observed that the statute does not prescribe the particular place where the signature shall appear, and the clerk's name appears in the testimonial clause of the writ. It was a typewritten instrument, bearing the clerk's seal of office, and the presumption must be indulged that his name was written in the last clause by himself. The fact that the seal was attached to the writ shows that the writing of the name in the last clause was intended as a signature. The Kentucky Court of Appeals held that the writing of the clerk's name, either by himself or

by an authorized deputy, in the testimonial clause of a writ was sufficient attestation and did not render the writ void. The court said:

"The position of the clerk's signature is not defined by law. Nor would a writ be void merely for want of an actual subscription of the clerk's name. * * * 'Witness Thomas Helm, Clerk of said Court,' if written by himself or by an authorized deputy, would have been a sufficient attestation." *Botts* v. *Williams*, 5 J. J. Marsh. (Ky.) 62.

This court has held in several cases that the clerk's failure to attach his signature to an execution does not render the writ void. *Jett* v. *Shinn*, 47 Ark. 373, and cases therein cited. Those cases can not be considered as precisely in point here, for the reason that a writ of execution is issued in an adversary proceeding, and is amendable, but the cases are controlling to the extent that they hold that the failure of the clerk to sign is a mere irregularity; and if the omission is to be viewed in that light, the tax sale can not be avoided on account of a mere irregularity which does not affect the substantial rights of the land owner. In *Jett* v. *Shinn, supra,* Mr. Justice Smith, speaking for the court, said:

"The sounder doctrine is that his (the clerk's) omission to sign a writ issued by him, or the affixing by inadvertence the name of another person instead of his own, as in this case, is a mere clerical misprision—matter of form, and not substance— and that the defect will be treated as amended whenever it is collaterally assailed."

Mr. Black, in his work on Tax Titles (section 203) says: "It is not important in what manner the warrant is signed, whether at the beginning or at the end, but it must be signed in some form, * * * and in such manner to show that it was intended to give sufficient sanction." See also, to the same effect; *Johnson* v. *Goodridge,* 15 Me. 29.

As to the other question, the testimony shows that the clerk did not keep a record of the tax sale on either of the books provided for that purpose, and which had been used for that purpose in prior years; but he did keep a record, properly certified, in another book wherein the delinquent lists were recorded. The statute provides that "the clerk of the county court shall attend all such sales of delinquent lands * * *

made by the collector of the county, and shall make a record thereof in a substantial book, therein describing the several tracts of land * * * as the same shall be described in the advertisement aforesaid, stating what part of each tract of land * * * and the amount of taxes, penalty and costs due thereon, and to whom sold; and he shall record in a separate book, to be kept for that purpose, each tract of land * * * sold to the State, together with the taxes, penalty and costs due thereon." Kirby's Digest, § 7092.

In *Quertermous* v. *Walls*, 70 Ark. 326, we held that a tax sale is void unless the certified record thereof is kept so that the owner may determine whether or not his land has been sold. In *Leigh* v. *Trippe*, 91 Ark. 117, we held that while the statute, when literally construed, required the clerk to keep two separate records of the lists, there was sufficient compliance, so far as the legality of the sale was concerned, if the sales, both to individuals and the State, should be recorded in one book. In discussing the matter we said:

"This shows that the framers of the statute did not intend to provide with accuracy of detail the particular method in which the record should be kept, but that the end to be attained was that a permanent record should be kept from which the owner of the land could ascertain the amount of taxes, penalty and costs for which his land was sold."

It necessarily follows, from that ruling, that it is unimportant where the clerk keeps his record if he does in fact keep a duly certified record of the tax sale in his office open to the inspection of land owners.

Decree affirmed.