## NEBRASKA BRIDGE SUPPLY & LUMBER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90846.   Promulgated June 7, 1939.

*Clarence T. Spier, Esq.*, for the petitioner.
*Hugh Brewster, Esq.*, for the respondent.

### OPINION.

MELLOTT: The Commissioner made several adjustments to the net income shown by petitioner upon its return for the calendar year 1934 and determined a deficiency of $5,298.90 in its income tax and a deficiency of $1,775.51 in its excess profits tax for that year. Several of the adjustments are conceded by the petitioner to be correct. One allegation of error contained in the petition was abandoned. The proceeding was submitted upon a stipulation of facts, the error charged being the disallowance by the Commissioner of "Loss on land due to tax sale $36,722.25."

Petitioner, a Nebraska corporation engaged in the wholesale manufacture and sale of timber products, had acquired certain tracts of land in the counties of Lee and Monroe in the State of Arkansas. The aggregate cost bases to petitioner as of 1934 were:

| | |
|---|---:|
| Lee County lands | $27,205.68 |
| Monroe County lands | 10,983.73 |
| Total | 38,189.41 |

In its return of income petitioner treated the aggregate cost bases as $38,722.25 and claimed the entire amount as a deductible loss. The Commissioner allowed $2,000, disallowing the remainder. Under the stipulated facts the maximum amount which may be allowed is $38,189.41.

The lands in each county, in accordance with the statutory provisions of the State of Arkansas, were offered for sale for taxes and were sold to the State of Arkansas at the regular tax sale held on June 13, 1932. The county clerk of Monroe County in 1934 made out a "Certificate of Sale" to the state for the lands in that county; but the county clerk of Lee County did not make out such certificate of sale for the lands in that county until April 18, 1935.

The issues may be epitomized. Respondent, conceding that all of the steps had been taken in 1934 to divest petitioner of its title to the Monroe County lands and that it had therefore lost its investment in them, contends that its deduction for such loss must be limited to $2,000 under the provisions of subsections 117 (b) and (d) of the Revenue Act of 1934.[1] While not abandoning this contention, he also argues that even though it be held that the loss is not thus limited, still no loss had been sustained in connection with the Lee County lands until 1935.

Upon brief both parties quote at length from the Arkansas statutes and cite several decisions by the highest court of that state on the general question of whether the usual incidents of a "sale" were, or were not, present in connection with the acquisition of the lands by the state and whether the proceedings can, or can not, appropriately be designated a "forfeiture" of the lands. Petitioner also places some reliance upon the adoption of a resolution by its board of directors in July 1934 to the effect that "the market and potential value of the lands * * * [is] insufficient to justify payment of said delinquent

---

[1] SEC. 117. CAPITAL GAINS AND LOSSES.

\* \* \* \* \*

(b) DEFINITION OF CAPITAL ASSETS.—For the purposes of this title, "capital assets" means property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business.

\* \* \* \* \* \* \*

(d) LIMITATION ON CAPITAL LOSSES.—Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges. If a bank or trust company incorporated under the laws of the United States or of any State or Territory, a substantial part of whose business is the receipt of deposits, sells any bond, debenture, note, or certificate or other evidence of indebtedness issued by any corporation (including one issued by a government or political subdivision thereof), with interest coupons or in registered form, any loss resulting from such sale (except such portion of the loss as does not exceed the amount, if any, by which the adjusted basis of such instrument exceeds the par or face value thereof) shall not be subject to the foregoing limitation and shall not be included in determining the applicability of such limitation to other losses.

taxes or the redemption of the lands sold or surrendered  *  *  * [and that] the corporation take no steps to effect redemption within the period provided by law." The conclusion which we reach from an analysis of the statutory provisions makes it unnecessary for us to determine whether or not the corporate resolution served, in itself, as an "identifiable event" fixing the loss in the year 1934. Cf. *DeLoss* v. *Commissioner*, 28 Fed. (2d) 803; certiorari denied, 279 U. S. 840; *United States* v. *White Dental Manufacturing Co.*, 274 U. S. 398.

The parties agree that the lands were capital assets. Respondent contends, and determined the deficiency upon the theory, that there was a "sale" of such capital assets. He cites, among other cases, *Betty Rogers*, 37 B. T. A. 897; affd., 103 Fed. (2d) 790. But that case is distinguishable upon its facts. There the makers of a purchase money note made a voluntary conveyance of the fee to certain real estate for a consideration of $10 and a release from their liability upon the note. Here, however, there was no sale by the petitioner. It lost its property in a sale made by the collector of the county "for taxes, penalty and costs thereon." Sec. 10085 *et seq.*, Statutes of Arkansas (Crawford and Moses, 1921.) There was no "transfer of property from one person to another for a valuable consideration" (see 7 Words & Phrases, 1st series) but a proceeding whereby petitioner's title was extinguished. Cf. *Commissioner* v. *Freihofer*, 102 Fed. (2d) 787, affirming *Sol Greisler*, 37 B. T. A. 542; *C. Griffith Warfield*, 38 B. T. A. 907; *Commonwealth, Inc.*, 36 B. T. A. 850. We are therefore of the opinion and hold that the respondent erred in determining that petitioner's loss must be limited to $2,000 under the provisions of section 117, *supra.*

But shall petitioner be limited in its loss to the aggregate cost of the Monroe County property because of the fact that the "Certificate of Sale" was not delivered by the collector of Lee County to the state during the taxable year? Respondent cites *T. J. Bosquett*, 39 B. T. A. 763. The gist of the cited case and the authorities therein cited is that a taxpayer may not deduct as a loss the cost of property lost under foreclosure proceedings until the time within which the property might be redeemed has expired. The rule is sound and well established; but, as we read the Arkansas statutes and the decisions of its highest court, it is inapplicable.

Under section 10112 of the statutes of Arkansas the clerk is required to make out a certificate of sale to the state for all lands purchased by it, and, upon its being recorded in the recorder's office, "the title to all lands embraced in such certificate shall vest in the state  *  *  *  and be subject to disposal, as other forfeited lands shall be." This provision, or one quite similar to it, has been held to be merely directory and a failure to comply does not affect the sale. *Leigh* v.

*Trippe*, 91 Ark. 117; 120 S. W. 972; *Liddell* v. *Stone*, 101 Ark. 328: 142 S. W. 506. It has also been held that where property is bid in by the state for want of other bidders at the sale, no deed is necessary to pass title to the state. *Kelley* v. *Laconia Levee District*, 74 Ark. 202; 87 S. W. 638. Section 10104 permits the owner to redeem the lands sold to the state within two years after the sale by making application to the clerk of the county court in which the property is situated, and paying the taxes, penalties, and costs assessed against it. Section 10106 permits "the person, firm or corporation holding  *  *  * lands under color of title", which have been sold to the state for the nonpayment of taxes since the year 1908 or thereafter, "which sale has never been certified to the Commissioner of State Lands", to file with such commissioner "a certificate from the clerk of the county in which said lands are situated showing the sale of said land, the amount of taxes, penalty and cost due thereon, if any, and the payment thereof and make a sworn statement in writing that he is the holder of said lands  *  *  *  and entitled to redeem same." These sections, respondent contends, gave petitioner until April 18, 1935, the right to redeem the lands in Lee County and therefore, under the rule of such cases as *T. J. Bosquett, supra*, the loss was not sustained during the taxable year.

Petitioner contends that irrespective of whether or not the clerk had certified the land prior to October 1, 1934, its period of redemption expired on that date. It points to the provisions of Act No. 2 of the Forty-Ninth General Assembly of the State of Arkansas, Third Extraordinary Session 1934 (Acts of Ark. 1935, p. 1011), which, so far as applicable here, provides that if land has been certified by the county clerk to the state but has not been sold by the state, it may be redeemed "at any time before October 1, 1934" and "If, for any reason whatsoever, the sale to the state has not been certified,  *  *  *  redemption may be made at any time before October 1, 1934  *  *  *."

No decision of the highest court of the state construing this section or passing upon its effect or impingement upon sections 10104 and 10106, *supra*, has been called to our attention and we have found none. The Supreme Court of Arkansas has said, however, that "The owner must exercise his privilege of redeeming within the specified time limited for that purpose, or lose it finally  *  *  *," *Nelson* v. *Pierce*, 119 Ark. 291; 177 S. W. 899, and "Where the owner is accorded a certain time to redeem, this period begins to run from the day of the sale and will not be extended in the absence of statute." *Brasch* v. *Mumey*, 99 Ark. 324; 138 S. W. 458. It is no doubt true, as respondent points out upon brief, that the courts of Arkansas favor a liberal construction of redemption provisions (*Walker* v. *Ferguson*, 3 S. W. (2d) 694). There probably was at least a possibility that petitioner might

have been permitted to redeem the Lee County lands under the general provision of law (secs. 10104 and 10106, *supra*) rather than being limited to making redemption prior to October 1, 1934, under the Special Act of 1934. But whether it would have been permitted to do so was primarily dependent upon the construction which the courts of the state should put upon the later legislation. In any event, petitioner would have had the laboring oar of convincing the court that the Act of 1934 did not, as its wording clearly indicates, amend and modify the general rule by substituting in its stead a specific requirement that redemption must be made before October 1, 1934.

The stipulated facts clearly indicate that petitioner lost both the Monroe and Lee County lands, having aggregate cost bases of $38,-189.41, during the taxable year 1934. The portion of the deficiency attributable to the disallowance of the deduction of this amount from gross income, must be set aside.

*Judgment will be entered under Rule 50.*