STEPHENS *v* HOLMES, *et al.*

VENDOR'S LIEN—*Tax Title*—Neither the legal or equitable title to lands or town lots, sold for the non-payment of taxes, vests in the purchaser or holder of the certificate of purchase, until the execution and delivery of the collector's deed, and the relation of vendor and vendee does not exist between the purchaser and owner until such execution and delivery.

REDEMPTION.—The owner, in order to redeem, is not required to pay to the purchaser taxes paid by him subsequent to the purchase and before redemption.

*Appeal from Pulaski Chancery Court.*

HON. T. D. W. YONLEY, Chancellor.

*M. L. Rice,* for appellant.

*J. W. Faust,* for appellees.

WILSHIRE, C. J.

This is a bill filed in the Pulaski chancery court by B. M. Stevens, against Rebecca B. Holmes, (formerly Rebecca B. Ryan), Dr. —— Holmes, Henry S. Rymal and Edwin T. Linsley, the object of which was to enforce a vendor's lien.

The facts are briefly these: Stevens, on the 15th day of June, 1866, at a sale of lands, in Pulaski county, belonging to non-residents, for the payment of taxes, purchased certain lands belonging to Mrs. Rebecca B. Ryan, (now Rebecca B. Holmes), for the sum of $255 $\frac{52}{100}$, being the amount of taxes and penalty due on said lands, and the cost of the sale thereof; that he afterwards paid the taxes assessed upon said lands for the year 1866, amounting to $132; that after that, on the 16th day of July, 1867, said Rebecca B. Ryan (now Holmes) paid to Stevens the sum of $255 $\frac{52}{100}$, the amount paid by him at the tax sale for the land, and, also, the sum of $27 for improvements made by him on said lands; and thereupon Stevens

transferred, by assignment in writing, the certificate of pur-
chase of the lands, to said Rebecca B. Ryan, in the following
language:

"LITTLE ROCK, JULY 16, 1867.

"I hereby assign and transfer all my right, title, claim and
interest to the within described lands to Rebecca B. Ryan,
for value received, acquired by tax sale for the year 1865.

"Signed:                              B. M. STEVENS.

"Attested by B. F. Rice and J. W. Faust."

That the complainant(Stevens) has since demanded of said
Rebecca B. Holmes, and her husband, Dr. —— Holmes, as,
also, of the two other defendants, who hold under said Rebec-
ca B. Holmes, by purchase and as tenants, the payment to him
of the taxes on said lands for the year 1866, amounting to
$132, paid by him, together with one hundred per centum
thereon, which he alleges they refuse to do; and he prays that
the same be declared a lien upon the lands, and the defendants
directed to pay him the amount found to be due him, and, in
default thereof, the lands be subjected to the payment thereof,
etc.

The defendants demurred to the bill for want of equity, the
court below sustained the demurrer and dismissed the bill, and
the complainant appealed to this court.

The statute under which these sales were made, provides
that lands and town lots belonging to non-residents of the
county, in which they are situated, when sold for the payment
of taxes, the non-resident owners of such lands may, within
twelve months from the time of the sale thereof, redeem the
same by paying or tendering to the purchaser of such lands,
his legal representatives or lawful agents, the amount of taxes
and penalty paid thereon, together with the costs of such sale
and one hundred per centum on the whole amount paid by
such purchaser, and shall also pay, or tender, to the purchaser,
or his legal representatives, the true value of any improve-
ments made on such lands, etc.   See *Gould's Digest, Sec. 143*

Under that statute, no deed could be executed by the collector of revenue until after the expiration of one year from the date of the sale. Section 126 of the same statute provides that the "certificate of purchase shall be assignable, and an assignment thereof shall vest in the assignee, or his legal representatives, all the right and title of the original purchaser."

By section 129 it is provided that the collector, after the lapse of one year from the time of sale of lands belonging to non-residents, if not redeemed, shall execute to the purchaser, his heirs or assignee, a deed of conveyance. Section 130 provides that, upon the deed being executed, acknowledged and delivered by the collector to the purchaser, the title, both in law and equity, shall vest in the grantee.

It is evident to our minds that it was not the intention of the Legislature enacting the statute, above referred to and quoted, to vest the title, either legal or equitable, in the purchaser or holder of the certificate of purchase of lands or town lots sold for payment of taxes, until after the execution and delivery of a deed by the collector for such lands or town lots. Therefore, the relation of vendor and vendee, necessary to create the vendor's lien, never existed between the complainant and any of the defendants, for it does not appear that the collector of revenue of Pulaski county ever made a deed to Stevens for the lands in question; but, on the contrary, the record of the chancery court shows that the lands, purchased by Stevens, were redeemed by Mrs. Ryan, and the certificates of purchase transferred to her by the written assignment of Stevens.

The statute under which the sale of Mrs. Ryan's lands was made, does not expressly require the owner of lands or town lots sold, to entitle her to redeem the same, to pay to the purchaser any taxes paid by him on such lands subsequent to his purchase, and before the redemption thereof. The purchaser, in such a case, if he has any remedy, is remitted to an action at law against the party for whose use and benefit he may have

paid the taxes, subsequent to the purchase and before the re-
demption.

We think the chancery court properly dismissed the com-
plainant's bill for want of equity.

The judgment of the court below is, therefore, affirmed..