## TOWNSEND v. PENROSE.

Opinion delivered October 21, 1907.

1. EQUITY—ORAL EVIDENCE—RIGHT TO EXCLUDE.—Where the chancery court, in the exercise of its discretion, in the plaintiff's absence, went into the trial of a cause in which the defendant asked affirmative relief, and heard defendant's oral evidence, and granted the relief asked by him, and thereafter on the same day plaintiff appeared and asked that the decree be set aside and a rehearing granted, they were not entitled to demand that the defendant's oral evidence, taken in open court and filed as part of the record, be excluded because they were absent when this was taken. (Page 318.)

2. ADVERSE POSSESSION—CERTIFICATE OF PURCHASE AS COLOR OF TITLE.—A certificate of purchase at tax sale is not color of title within Kirby's Digest, § 5057, providing that "unimproved and uninclosed land shall be deemed and held to be in possession of the person who pays the taxes thereon if he have color of title thereto.". (Page 319.)

3. TAX SALE—FAILURE TO KEEP RECORD.—A sale of land for nonpayment of taxes is void where the county clerk failed to keep a record of the tax sales as required by Kirby's Digest, § 7092. (Page 320.)

4. SAME—FAILURE TO RECORD DELINQUENT LIST.—Failure of the county clerk to record the list of delinquent lands, as required by Kirby's Digest, § 7086, before the day of sale invalidates all sales made by the collector on such day. (Page 320.)

5. APPEAL—OBJECTION NOT RAISED BELOW.—The objection cannot be made upon appeal for the first time that the complaint was indefinite; it should have been raised by a motion in the trial court to make the complaint more specific. (Page 321.)

Appeal from Woodruff Chancery Court; *Edward D. Robertson*, Chancellor; reversed.

*Oldfield & Cole*, for appellants.

1. Statutes of limitation must be specially pleaded, and the case brought within them by proof. 19 Ark. 16; Wood on Lim. § 7. Defendant's case as to the 80-acre tract rests solely upon his own testimony; and since that testimony was taken at the first submission in the absence of appellant's counsel, it was improperly admitted at the second hearing, and the plea of limitation must fail.

2.  As to the other lands, the proof fails to establish seven years payments of taxes under color of title.  The deeds in proof constitute the only color of title, and they were all executed within seven years.

*J. F. Summers,* for appellee.

1.  It was within the discretion of the chancellor to admit the testimony of appellee taken at the first hearing. . Since appellants, if prejudiced or surprised thereby, could have moved for a continuance, they will not now be heard to complain.

2.  The deeds and certificates of purchase constitute color of title for the requisite time.  24 Ark. 472; 30 Ark. 733; 71 Ark. 386.  The certified copy of the record of tax receipts show that taxes were paid for seven years within the meaning of the law.  74 Ark. 302.

3.  The question as to whether a proper list of delinquent lands sold to individuals was made by the clerk is not raised by the pleadings, and testimony tending to prove that he failed to make such record was inadmissible.  24 Ark. 371; 41 Ark. 393; 46 Ark. 103; *Id.* 133; 73 Ark. 221.

McCULLOCH, J.  This is a suit in equity instituted by appellants against appellee to quiet title to several tracts of land in Woodruff County, aggregating 400 acres.  They deraign title from the Government, alleging in their complaint that the lands are unimproved and uninclosed, and seek to cancel appellee's adverse claim as a cloud upon their title.  Appellee asserts title to the lands under several tax sales in June, 1896, for the taxes of the previous year.  He exhibits with his answer five tax deeds executed by the county clerk pursuant to the aforesaid sales, one dated June 18, 1898, conveying the north half of the southwest quarter of section 36, township 7 north, range 1 west; and the other four dated August 25, 1899, and January 30, 1900, conveying the other four tracts, aggregating three hundred and twenty acres.

This action was commenced on June 6, 1905.  Appellee also pleads the two-years statute under the tax deed dated June 18, 1898, as to the tract embraced in that deed; and as to the other tracts pleads the payment of taxes for seven years in succession under color of title.  His answer contains a prayer for

the quieting of his title. Appellants then filed a reply stating that "said lands were not sold for the taxes for said year 1895, nor for the taxes of any other year, and that the clerk of the county court of said county had no authority in law to issue any deed therefor, and that any deeds which he may have executed are wholly null and void."

The case was heard by the court on the morning of December 4, 1906, in the absence of the plaintiffs and their solicitors, and defendant. was permitted to introduce the oral testimony of the defendant, William Penrose, which was reduced to writing in open court and filed as a part of the record. A decree was then entered in favor of the defendant dismissing the complaint for want of equity and quieting defendant's title to the lands in controversy. During the afternoon of the same day plaintiffs' solicitors appeared, and the court on their motion set aside the decree, and the case was re-submitted, and a decree was again entered in favor of the defendant to the same effect as the former one.

The defendant was permitted, over the objection of plaintiffs, to read in evidence the testimony of defendant taken during the forenoon, and the plaintiffs excepted to this ruling.

Inasmuch as the testimony of witness Penrose was the only evidence introduced tending to establish his possession of the land described in the first-mentioned deed, it is important to inquire whether or not the chancellor erred in permitting it to be read. Counsel for appellants urged this as ground for reversal of that part of the decree affecting the tract in question. It should be noted that appellants did not request the court to give them an opportunity to cross-examine the witness, but contented themselves with an exception to the introduction of the evidence which had already been taken in open court, reduced to writing, and filed as a part of the record. This evidence had then become, by order of the court, a part of the record in the case. The effect of the last order of the court was to set aside the former decree and submission of the case and to allow the plaintiffs to be heard. The trial had commenced in the forenoon, and the proceeding in the afternoon was a continuation of that which had now already been commenced. There is nothing in the record to show that the chancellor abused his dis-

cretion in causing the trial to proceed in the absence of the plaintiffs. If they failed to appear when the case was regularly called, he could have dismissed the complaint for want of prosecution, but the defendant prayed for affirmative relief, and was entitled to a hearing on his plea. Whether or not it would have been error to refuse the plaintiffs an opportunity to cross-examine the witness, we do not feel called upon, in the present state of the record, to decide.

Statutory provisions concerning the taking of depositions and exceptions thereto have no application to the taking of oral testimony at the trial of causes in chancery. When testimony is thus taken at the trial of causes in chancery in the absence of one of the parties, the regularity of the proceedings in that respect is dependent solely upon the question whether or not the court is rightfully proceeding with the trial of the cause. For, if the court can rightfully permit the trial to proceed, it may permit the introduction of oral testimony. Now, as we have already said, there is nothing in the record to show that the court committed any error in allowing the trial to proceed in the absence of the plaintiffs, and its action in setting aside the decree so as to allow the plaintiffs to present their side was a matter of grace which did not give them the right to demand that oral testimony regularly taken in open court and filed as a part of the record be excluded because they were absent when it was taken.

The testimony establishes the fact that the defendant has had actual possession of the said north half of the southwest quarter of section 36 under tax deed for a period of more than two years before the commencement of the action, and the decree in his favor as to that tract is affirmed.

The other tracts stand in a different attitude. These tracts were unimproved and uninclosed, and the defendant paid taxes thereon for seven years in succession, part of that time under certificates of purchase at tax sale and the remainder of the period under the tax deed. The payments made under the certificates of purchase must be taken into account to make the seven years requisite payments, and the question arises whether or not such certificates of purchase amount to color of title, within the meaning of the statute which provides that "unimproved

and uninclosed land shall be deemed and held to be in possession
of the person who pays the taxes thereon if he have color of title
thereto." Kirby's Digest, § 5057.

This court, in *White* v. *Stokes,* 67 Ark. 184, and in *Beasley*
v. *Equitable Securities Co.,* 72 Ark. 601, defined the words
"color of title" as "that which in appearance is title, but which
in reality is no title; that is, that which in appearance purports
to vest title, but in reality is no title." And the court in these
last-mentioned cases held that, those words having received
judicial interpretation, they were presumed to have been used
by the Legislature in that sense in a statute, when there is nothing
to indicate a contrary intent. Citing Sutherland on Statutory
Construction, § 255; Black on Interpretation of Laws, pp. 130,
131; Endlich on Interpretation of Statutes, § 367.

A certificate of purchase at tax sale does not fall within the
definition just stated. It is not the appearance of title, nor does
it "in appearance purport to vest title." The deed executed
pursuant to the statute is the sole evidence of title under a tax
sale. Kirby's Digest, § 7104; *Stephens* v. *Holmes,* 26 Ark. 48.

The Supreme Court of Illinois holds, under a somewhat
similar statute, that a certificate of purchase at tax sale does
not constitute color of title. *Harrell* v. *Enterprise Savings Bank,*
183 Ill. 538. See also *McKeighan* v. *Hopkins,* 14 Neb. 361.

There is language in the opinion in *Worthen* v. *Fletcher,*
71 Ark. 386, to the contrary, but it is *dictum,* as the reversal
of that case was based upon the failure of the proof to establish
actual possession of the particular tract. We hold that a certif-
icate of purchase at tax sale does not constitute color of title
within the meaning of the statute, and the language used in
*Worthen* v. *Fletcher, supra,* expressing a contrary view is now
disapproved.

The tax sale under which appellee claims title is void for
two reasons. The clerk failed to keep a record of the tax sales
in compliance with the statute. Kirby's Digest, § 7092; *Quer-
termous* v. *Walls,* 70 Ark. 328. The clerk also failed to make
and certify a record, before the day of sale, of the list of delin-
quent lands and notice of sale as required by statute. Kirby's
Digest, § 7086; *Logan* v. *Eastern Ark. Land Co.,* 68 Ark. 248;
*Hunt* v. *Gardner,* 74 Ark. 583. Either of these defects in the
proceedings is sufficient to avoid the sale.

Counsel for appellee contends that neither of these defects was properly raised in the pleadings. The only record kept by the clerk was introduced in evidence, and it shows that it was not certified in accordance with the requirements of the statute. The pleadings were sufficient to raise the question. Appellants in their pleadings attacked the validity of the tax sales in general terms, but no effort was made by appellee to have them make the attack more specific, and it is too late now to question the sufficiency of the pleadings. The decree, as to all the lands in controversy except. said north half of southwest quarter of section 36 is reversed, and the cause is remanded with directions to enter a decree in favor of appellants as to these tracts, subject, however, to a lien in appellee's favor for all taxes ascertained to have been paid on the lands by him.

### ON RE-HEARING.

Opinion delivered November 23, 1907.

McCULLOCH, J. Our attention is directed to proof in the record that appellee was in actual occupancy, under his tax deed, of some of the lands in controversy other than the north half of southwest quarter of section 36, for more than two years before the commencement of this suit. We find on examination of the transcript that this is true as to the southeast quarter of northwest quarter, and the southwest quarter of the southwest quarter of section thirty-six. These two tracts were embraced in separate tax deeds, and the evidence is undisputed that appellee enclosed them, with others, as a pasture two or three years before the commencement of this suit, and that his possession was continuous up to the date of the decree. The testimony as to the boundaries of the pasture is too vague and uncertain to warrant a finding that any part of the other tracts now in controversy was enclosed therein. It is doubtful whether appellee's reference, in his original brief, to this proof was sufficient to bring it to our notice. We did not, in fact, notice or consider it before, but accepted as true the statement in appellant's abstract that these lands were unimproved and unoccupied.

In the interest of complete justice, however, we have concluded that appellee sufficiently complied with the rules for us to correct the error which we fell into concerning the two tracts of land described above. We are of the opinion that the appellee is entitled to a rehearing, and that the decree of the chancellor should be affirmed as to the southeast quarter of the northwest and the southwest quarter southwest quarter of 36, as well as the north half of the southwest quarter of said section 36; but that as to the other tracts in controversy (the east half of southwest quarter, section 35 and the southeast quarter of section 35) our former decision was correct, and that as to them the reversal with direction to enter a decree in favor of appellant should stand. It is so ordered.