CHARLES H. FULLER *vs.* CLARENCE E. FULLER.

Norfolk.    October 11, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Equity Pleading and Practice*, Interlocutory decree, Master's report: exceptions to, motion to recommit. *Equity Jurisdiction*, To remove cloud from title. *Tax*, Sale for non-payment. *Deed*, Validity. *Fraud*, As against creditors.

In a suit in equity a master made a report in favor of the plaintiff, to which the defendant filed exceptions based on the refusal of the master to make certain findings of fact requested by him, and the trial judge made an interlocutory decree, which without referring to the exceptions ordered that the report of the master be confirmed. The defendant appealed from this decree. *Held* that, although the decree should have stated that the defendant's exceptions were overruled, this informality was not material because no exceptions to a master's refusal to make findings of fact can be sustained.

In the same case the defendant before the making of the interlocutory decree had filed a motion to recommit the report to the master for amendment. No formal

order was made upon the motion to recommit. *Held*, that no such order was required, as the motion to recommit necessarily was denied by the interlocutory decree confirming the master's report.

One.who as a devisee is seised of real estate, of which he is in possession and control, can maintain a suit in equity to remove from his title a cloud created by an invalid tax sale and a deed given thereunder.

A conveyance of real estate can be avoided on the ground that it was made in fraud of creditors only by a creditor or by one who has the rights of a creditor.

Where a recital in a tax collector's deed, given in pursuance of a sale for non-payment of taxes, states that a demand was made on a certain former owner of the land for payment of the tax, and it is shown that at the time of such alleged demand the former owner was dead and was known to be dead by the person who procured the making of the tax sale, and where the tax collector had constructive notice of the death of the delinquent taxpayer by the probate records of the admission of his will to probate and of the appointment of an executrix, it is plain that "the name of the person on whom the demand for the tax was made" was not inserted in the deed as required by R. L. c. 13, § 43, and that the deed is absolutely void.

BILL IN EQUITY, filed in the Superior Court on July 2, 1915, by the owner of a parcel of land with the buildings thereon in the part of Quincy called West Quincy, to remove from the plaintiff's title a cloud created by a certain tax sale, alleged to be invalid, and by a deed given thereunder.

The case was referred to a master, who filed a report, in which he found the facts that are stated in the opinion. He found and ruled that the tax title under which the defendant claimed, and which was a cloud on the plaintiff's title, was invalid, and that the plaintiff was entitled to a decree relieving his title from the incumbrance. He also found that, if the court should determine that the tax deed was valid, the plaintiff was entitled to redeem the premises from it.

The defendant filed exceptions to the master's report and also filed a motion that the report be recommitted to the master for amendment.

The case was heard by *Raymond*, J., who made an interlocutory decree, which, without mentioning the exceptions, ordered that the report of the master be confirmed. The defendant appealed from this interlocutory decree.

Later the case was heard further by *Raymond*, J., upon the master's report and by order of the judge a final decree was entered in favor of the plaintiff. The defendant appealed from the final decree.

*C. E. Fuller,* defendant, *pro se.*

*C. E. Haywood,* for the plaintiff, was stopped by the court.

BRALEY, J.   The interlocutory decree confirming the report should have recited that the exceptions to the report were over-ruled, but the omission is of no material consequence as exceptions do not lie to a master's refusal to make findings of fact as requested.

The report having been confirmed, the motion to recommit, although not appearing by the record to have been formally disposed of, was necessarily denied by the interlocutory decree, and the only question for decision is whether the final decree from which the defendant appealed is in accordance with the master's report and the pleadings.

The defendant claims title to the land described in the bill, under a sale for non-payment of taxes which the plaintiff alleges is invalid, and, the tax deed having been recorded, it is a cloud upon the plaintiff's title.   The evidence is not reported, and the master's findings on all questions of fact are conclusive.   It appears from the report that at the date of filing the bill the plaintiff was seised of the premises under a conveyance from his mother, who derived title under the will of her husband, duly admitted to probate, and it is found expressly that since June 21, 1913, he has been in possession and control of the property.   It is plain without further discussion that he can maintain the suit for the purpose of clearing the title.   The defendant contends that the plaintiff has been guilty of such unconscionable conduct as to deprive him of any standing in a court of equity.   But it is unnecessary to recite the master's findings which show, not only the plaintiff's good faith, but such conduct of the defendant as to raise doubts whether he did not deliberately attempt to overreach his mother, brother and sisters in the settlement of the estate.

It further is found on ample facts that the defendant's next contention, that the plaintiff acquired title through fraud and undue influence practiced upon his mother, is without foundation, and, whether her deed to the plaintiff was in fraud of creditors, is a defence not open to the defendant, to whom neither she nor her husband is shown to have been indebted.

The validity of the collector's deed now becomes the decisive inquiry.   The tax was assessed for the year 1907.   The deed recites that on January 20, 1908, a summons was served on Frederick J.

Fuller, and on May 8, 1908, a demand was made on him for payment of the tax.   But, as the testator died on November 13, 1907, these recitals are false, and his son the defendant, who is not shown to have been illiterate, and by whom as the master finds the tax sale was procured to be made, must be deemed to have known of their falsity.   The collector also was charged with constructive notice of the probate records which show the delinquent taxpayer's death, the admission of his will to probate and the appointment of the executrix.   *Conners* v. *Lowell,* 209 Mass. 111, 119.   A demand upon the resident owner was necessary.   R. L. c. 13, § 14, now St. 1909, c. 490, Part II.   *Hunt* v. *Holston,* 185 Mass. 137.   It was not made on the devisee or served on her "in the manner required by law for the service of subpoenas upon witnesses in civil cases." R. L. c. 13, §§ 13, 53.   If the collector's statement that he demanded payment of the decedent need not be further characterized, it is certain that the course taken resulted in delivering a deed wherein "the name of the person on whom the demand for the tax was made" has never been inserted as required by R. L. c. 13, § 43. The failure of compliance by the collector with these precedent conditions renders the deed absolutely void.   *Charland* v. *Home for Aged Women,* 204 Mass. 563, 567.

The plaintiff accordingly is entitled to relief in equity, and the decree is affirmed with costs of the appeal.   *Sawyer* v. *Cook,* 188 Mass. 163.

*Ordered accordingly.*