WALLACE v. TODD.

4-4844

Opinion delivered December 6, 1937.

E. L. Carter, for appellant.

J. W. Kimbro, for appellee.

GRIFFIN SMITH, C. J. At a sale of lands in Drew county, delinquent for the taxes for 1930, appellee purchased 320 acres assessed in appellant's name. On February 17, 1937, appellant filed suit, alleging that she was the owner in possession, and that the tax deed executed by the county clerk evidencing appellee's purchase constituted a cloud upon her title. Nine defects were as-

signed as reasons why the sale was invalid, only four of which are urged in appellant's brief in support of her appeal from a finding of the chancellor that the omissions complained of constituted mere irregularities, and were not of a nature to deprive the collector of the power to sell.

It is first insisted that § 10092 of Crawford & Moses' Digest, now § 13855 of Pope's Digest, was not complied with, and that such failure constitutes a fatal defect. The section provides that the county clerk shall attend all such sales made by the collector and shall make a record thereof in a substantial book, therein describing the several tracts of land, etc., as the same shall be described in the advertisement, stating what part of each tract was sold and the amount of taxes, penalty and cost due thereon, and to whom sold, "And he shall record in a separate book, to be kept for that purpose, each tract of land, town or city lot sold to the state, together with the taxes, penalty and costs due thereon."

The record in the precise form contemplated by the statute was not kept, and *Townsend* v. *Penrose,* 84 Ark. 316, 105 S. W. 588, is cited as authority for appellant's position that such failure voided the sale.

The clerk testified that he attended the sale and took a record of the delinquent list. If an individual bid for property, the name of such successful bidder was inserted on the line opposite the tract, designated "purchaser," and in like manner, if the property went to the state, that fact was evidenced. The clerk testified: "That is the only record we have. This is the land sales book, and every record is in here that I know anything about."

In *Leigh* v. *Trippe,* 91 Ark. 117, 120 S. W. 972, this court, in an opinion by Chief Justice McCulloch, said: "The statute, literally construed, contemplates that the clerk shall keep two separate records of the lists of lands sold to individuals and the state. . . . The question then arises, whether or not the failure to keep separate records of the two lists of sales—those to individuals and those to the state—invalidates the sale when both are

kept and certified together. There is no reason to believe that the provision for keeping the two lists separate was intended to be mandatory, and no reason to so treat it."

Appellant cites *Quertermous* v. *Walls*, 70 Ark. 326, 67 S. W. 1014. That case held that failure of the clerk to keep the record of sales renders the sale void. In the instant case, there was no failure to keep a record. The only point at issue is the manner in which the record was maintained. In *Townsend* v. *Penrose*, 84 Ark. 320, 105 S. W. 588, relied upon by appellant, the clerk failed to keep a record of tax sales, and also failed to make and certify a record, before the day of the sale, of the list of delinquent lands and notice of sale as required by law, and it was held in that case that either defect would avoid the sale. Contra, see *Liddell* v. *Stone*, 101 Ark. 328, 142 S. W. 506.

It is alleged that the clerk failed to attach his warrant to the tax books delivered to the collector. The evidence on this point was that a sheet had been removed from the back of the book, and at the time this book was introduced in court the warrant could not be found. The clerk testified that it had been his unfailing custom to attach such warrant, and that it might have been attached and removed. It was the clerk's "strong conviction" it had been attached. The court apparently found as a matter of fact that the warrant had been attached, or that the presumption of law that an official has performed his duty attaches until removed by testimony, and that the evidence was not sufficient to overcome the presumption.

Another objection argued by appellant is that there was no proper levy of school tax. It was shown that the quorum court convened in a timely manner with the county judge and a majority of the justices present, and that the motion to levy the school tax was made and unanimously carried. This levy was predicated upon the record of the county board of education, showing the tax to have been voted at the preceding election. It is also insisted that the levy should show the amount of

taxes voted in each district. Appellant says: "The record in this case does not even show that the report of the county board of education was before the levying court, or that a written report prepared by the county board of education had been filed and was before the quorum court. The motion was 'That the several school districts in Drew county have such tax levy upon real and personal property as indicated by the county board of education, voted at the several school elections past.' "

Again, it is sufficient to say that in the absence of a showing that the questioned records were not before the quorum court, it will be presumed that they were. *Evans* v. *F. L. Dumas Store, Inc.*, 192 Ark. 571, 93 S. W. 2d 307.

There is no merit in appellant's contention that the clerk failed to record the list of delinquent lands returned by the collector and failed to make the certificate of publication of the delinquent list before the day fixed for the sale.

Even if it should be conceded that the matters set out in the complaint, with respect to which proof was offered, were of such a nature as to invalidate the sale under authority of numerous decisions of this court, the fact remains that these were merely irregularities or informalities, such as act No. 142 of 1935 was intended to cure. *Carle* v. *Gehl*, 193 Ark. 1061, 104 S. W. 2d 445.

Appellant filed her complaint February 17, 1937. Repeal of act 142 by act 264 of 1937 was not effective until March 17, at which time it was signed by the governor. Section 13284, Pope's Digest provides: "No action, plea, prosecution or proceeding, civil or criminal, pending at the time any statutory provisions shall be repealed, shall be affected by such repeal, but the same shall proceed in all respects as if such statutory provisions had remained in force."

The decree, therefore, is affirmed.