UNION BANK & TRUST COMPANY *v.* HORNE.

4-4906

Opinion delivered January 24, 1938.

*A. J. Johnson,* for appellant.

*T. S. Lovett, Jr.,* for appellee.

BAKER, J.   The beginning of the matters under consideration upon this appeal was the suit filed on September 11, 1936, in conformity with the provisions of act 119 of the Acts of 1935 to confirm title to such land as had been forfeited to the state of Arkansas for the nonpayment of taxes.   Notice of this proceeding was given according to § 3 of the said act, and the proof of publication was filed December 11, 1936, and decree was rendered on April 5, 1937.

J. H. Fannin had been owner of lands involved in this controversy, and the Union Bank & Trust Company held a mortgage upon the said lands which Fannin was unable to pay, and upon January 30, 1937, Fannin and his wife conveyed the land to the appellant.   The appellant and Fannin have been in the actual possession of the said land during all the time that the proceedings were had and are continuing to hold possession thereof during the pendency of this litigation.   The lands described are as follows:

The southwest quarter (SW¼) of the northwest quarter (NW¼); west half (W½) of southwest quarter (SW¼); and southeast quarter (SE¼) of southwest

quarter (SW¼) all in section eleven (11), township nine (9) south, range seven (7) west.

At the time that the decree was taken J. M. Horne, the appellee herein, was the holder of the tax title to the said property, and it is alleged that he and the appellant were attempting to negotiate some settlement. The lands were forfeited for the taxes of 1932, returned delinquent on the 10th day of May, 1933, and the delinquent list bore the collector's certificate that was sworn to and recorded in the office of the county clerk on the 10th day of May, 1933. The conveyance or certificate sent to the State Land Office is dated February 11, 1936, and Horne became purchaser of the land from the land commissioner in the year of 1936, the exact date is not shown in the abstract and perhaps is immaterial. The certificate of the tax collector is set forth as having been duly made and sworn to, and notice is also written into the record by the county clerk of the fact that the sale would be made on the 12th day of June, 1933, but there appears to be no certificate made by the clerk before the land was sold, stating in what newspaper a list or advertisement had been published, nor the dates of publication or for what length of time same was published. The record of the land sold to the state and kept by the clerk for the year of 1933 contains a certificate of the fact that the lands had been advertised and sold on the 2nd Monday in June, the same being the 12th day of the month, for said taxes and this is followed by a certificate to the effect that the lands had been advertised in the Lincoln Ledger, a weekly newspaper on May 12, and that the lands had been sold on June 12 between the hours prescribed by law for judicial sales by the sheriff and collector of Lincoln county for the taxes, penalty and cost, and that no one bidding on same it was stricken off to the state. This certificate was made on June 12, the day of sale. The appellee relies upon the curative features or effect of act 142 of the Acts of 1935 to protect his title. A discussion of the conditions will be set forth in connection with the statement of the provisions of the curative statute. Section 1 of that provides that "whenever

the state and county taxes have not been paid upon any real or personal property within the time provided by law, and publication of the notice of the sale has been given under a valid and proper description, as provided by law the sale of any real or personal property for the nonpayment of said taxes shall not hereafter be set aside by any proceedings at law or in equity because of any irregularity, informality or omission by any officer in the assessment of said property, the levying of said taxes, the making of the assessor's or tax book, the making or filing of the delinquent list. The recording thereof, or the recording of the list and notice of sale; provided, that this act shall not apply to any suit now pending seeking to set aside any such sale, or to any suit brought within six months from the effective date of this act for the purpose of setting aside any such sale.''

Now, in this case, it is conceded that these lands were delinquent for the taxes, and that there was a proper description of the lands, and we think it must be conceded that there was an advertisement of the lands, and that this fact is ascertainable from the record, from two certificates of the clerk, the first showing the form of advertisement as it appeared from the record, and the second certificate, though made out of time and too late, to the effect that the lands had been advertised in the Lincoln Ledger.

These are the conditions under which and in accordance with which the powers of the curative statute are alleged by appellee to take effect.

It is true, as above stated, the certificate of the clerk was not made on a day prior to the sale of the land. Had it been so made, and had there been proper notice, there might not have been any irregularity or informality upon which the curative provisions of act 142 of the Acts of 1935 might seize and correct

No testimony or evidence, except that furnished by the record need be had to determine the essential features or acts had and done in compliance with the requirements of law in order that said act might be effectual for the purposes intended. It comes within field covered by the

discussion in the case of *Carle* v. *Gehl,* 193 Ark. 1061. In order that there may be no misunderstanding, we will undertake to state in a different manner and somewhat by illustration the legal proposition here presented.

It is argued that there is a great array of authorities, decisions of this court, to the effect that proof of the notice of sale must depend upon the record of delinquent lands and the notice of sale made and kept by the clerk, and that this notice must be made prior to the date of sale in order to give jurisdiction for the sale. That is appellant's contention. Now in the record before us we have a copy of this notice with the list of lands made on the 10th day of May. That is properly of record. What the clerk failed to do thereafter before the 12th day of June, the 2nd Monday of that month, was to put of record a certificate to the effect that the lands had already at that time, prior to the day of sale, been advertised in accordance with the requirements of law. That certificate, however, which the clerk failed to make in due time was not a part of the legal publication. It was the evidence or proof thereof. The clerk, however, did make a certificate, and if we may judge from the language used, this certificate was made after the sale was had and by that certificate the proof is made that the notice of sale was published in the Lincoln Ledger. The fact that this certificate was made and entered after the time provided by law, we think, does not rob it of its probative value to establish the fact that a notice was published prior to the sale.

But this certificate makes certain another fact that we dare not gloss over with any careless gesture. There was one publication, not more. That was on May 12, 1933. A publication in one issue is not sufficient. Section 13846, Pope's Digest.

Attention is now called to the case of *Matthews* v. *Byrd,* 187 Ark. 458, 60 S. W. 2d 909, wherein it was held that §§ 5 and 6 of act 250 of the Acts of 1933 do not fall under the ban of unconstitutionality. Section 6 of said act 250 is a substituted section for § 10085, C. & M. Digest, now appearing as § 13848 of Pope's Digest. The

above mentioned act, 250, having remained with the Governor for twenty days, the General Assembly not being in session, became law on the 30th day of March, 1933, and the section mentioned was the law in regard to the publication of notices of sale of delinquent lands at the time the lands herein became delinquent and were forfeited to the State. Said § 6 provided that there should be "published once weekly for two weeks, between the second Monday in May and the second Monday in June, in each year, in any county publication qualified by law, a notice to the effect that the delinquent lands . . . will be sold, etc."

It will be observed, therefore, that the required notice to be published under the new act was for the same time as under the old law. Whatever changes were made later are not set forth or mentioned, because they have no effect in this matter, and there is no necessity to consider later changes.

The law as it has been heretofore declared under the old statute now repealed is applicable in this case.*

---

*ACT 250 of 1933

NOTE: SECTION 5. That § 10084 of Crawford & Moses' Digest of the statutes of Arkansas, be amended so as to read as follows:

"The clerks of the several counties of this state shall cause the list of delinquent lands in their respective counties, as corrected by them, to be entered in a well-bound book, appropriately labeled, which book shall be a permanent record, and open to the inspection of the public at all times."

SECTION 6. That § 10085, Crawford & Moses' Digest of the Statutes of Arkansas, be amended so as to read as follows:

"There shall be published once weekly for two weeks between the second Monday in May and the second Monday in June, in each year, in any county publication qualified by law, a notice to the effect that the delinquent lands, tracts, lots or parts of lots so entered in said delinquent land book will be sold, or so much thereof as is necessary to pay the taxes, penalties and costs due thereon, by the County Collector, at the court house in said county (or district) on the second Monday in June next, unless the taxes, penalties, and costs be paid before that time, and that the sale will be continued from day to day, until the said tracts, lots and parts of lots be sold. Said notice of sale of delinquent real estate for taxes shall occupy a space of not more than six inches double column in each publication, provided, however, that the rate for the insertion of this legal notice shall not exceed the commercial rate in the publication in which the notice appears, and this rate shall not be affected by any reduction pro-

We are today holding that one advertisement or notice in one newspaper, and a second in another paper is not legal notice as required by the above-mentioned § 13846. *Alphin* v. *Banks,* 193 Ark. 563, 102 S. W. 2d 558.

One publication is not notice. It is not proper or necessary to set forth a duplicate discussion on that matter. See *Edwards* v. *Ivon Lodge, Trustee, ante* p. 470, 113 S. W. 2d 94.

Since there was no legal notice of sale as established by the only proof of publication the conclusion must be that act 142 of Acts of 1935 is not available to cure the defects in appellee's title. *Carle* v. *Gehl, supra.*

If this matter of defective publication of notice be not cured or corrected, then, according to authority, the title must fail. *Hunt* v. *Gardner,* 74 Ark. 583, 86 S. W. 426.

The belated making of the certificate under the conditions stated wherein act 142 does not apply (on the day of the sale and not before) adds another, not less fatal thrust at this tax title. *Magness* v. *Harris,* 80 Ark. 583, 98 S. W. 362; *Townsend* v. *Penrose,* 84 Ark. 316, 105 S. W. 588; *Frank Kendall Lumber Co.* v. *Smith,* 87 Ark. 360, 112 S. W. 888; *Laughlin* v. *Fisher,* 141 Ark. 629, 218 S. W. 199; *Alphin* v. *Banks, supra.*

Since act 142 of the Acts of 1935 does not apply, the decree was erroneous. It is, therefore, reversed, and the cause is remanded with directions to enter decree for appellant, protecting the tax title purchaser according to his lien, if asserted.

---

vided otherwise in this Act. Said notice shall be in substance as follows:

" 'NOTICE OF DELINQUENT TAX SALE

" 'The lands and lots and parts of lots returned delinquent in ......................County for the year 19........, together with the taxes and penalties charged thereon agreeable to law, are contained and described in a list or record on file in the office of the Clerk of the County Court; and notice is hereby given to all parties in interest that said several tracts, lots or parts of lots, or so much thereof as may be necessary to pay the taxes, penalties and costs due thereon, will be sold by the County Collector at the court house, in said county on (here state the date of sale) unless the said taxes, penalties and costs as charged thereon agreeable to law, be paid before that time; and that the sale will be continued from day to day until the said tracts, lots and parts of lots be sold.' "