COULTER *v.* PAYNE.

5-2821                                          362 S. W. 2d 446

Opinion delivered December 10, 1962.

*Gentry & Gentry,* for appellant.

*L. B. Smead* and *W. C. Medley,* for appellee.

CARLETON HARRIS, Chief Justice. Harris Brothers, a partnership, was engaged in the mercantile business in Calhoun County, and had acquired a considerable acreage of farm and timber lands. The acreage herein involved was owned by Harris Brothers at the time the partnership was adjudged a bankrupt in January, 1932. In July, 1933, the trustee in bankruptcy, in compliance with orders of the referee, sold the lands, at private sale, to E. W. Prothro; in August, Prothro conveyed the lands to Murray Whitfield Coulter and George Prothro Coulter (one and three years old respectively at the time), the deed being recorded in August, 1940. However, on June 13, 1932, the lands were sold to the State of Arkansas by the Collector of Calhoun County for the taxes assessed for 1931. The lands not being redeemed, the Collector of Calhoun County, on November 22, 1934, certified said lands to the State of Arkansas. On November 27, 1935, the Commissioner of State Lands conveyed same to appellee, George Payne. Testimony reflects that Payne went into possession, fenced the lands in January, 1936, and farmed

same from 1936 through 1938. According to the evidence, Payne has paid the taxes each year since the purchase.

Appellants instituted this suit in 1952, praying that title be quieted and confirmed in them, alleging *inter alia* that the "sale was void for the further reason that the certificate of the County Clerk, certifying to the publication of the notice of the sale, was made on the day of the sale and not before the day of the sale." The trial court, on hearing, dismissed the complaint on two grounds,[1] one being that the failure of the clerk to attach his certificate to the delinquent tax list before the date of sale was a mere irregularity, and had been cured by Act 142 of 1935, which act was in effect at the time the property was conveyed by the state to appellee. From the decree dismissing appellants' complaint, comes this appeal.

Appellants' sole effort in this appeal is directed to the proposition that this court should overrule the case of *Coulter* v. *Anthony* (decided in November, 1957), 228 Ark. 192, 308 S.W. 2d 445, which case, appellants contend, overrules numerous prior decisions of this court. In *Coulter* v. *Anthony,* we held that the clerk's failure to execute his certificate showing the publication of the notice of the tax sale until the day of sale (rather than *before* the sale, as required by the law) was a mere irregularity, which was cured by Act 142 of 1935. Incidentally, the lands here in question, were sold in the same 1932 tax sale as the lands involved in *Coulter* v. *Anthony.* Act 142 of 1935 provided,

"Whenever the State and County Taxes have not been paid upon any real or personal property within the time provided by law, and publication of the notice of the sale has been given under a valid and proper description, as provided by law, the sale of any real or personal property for the non-payment of said taxes shall not hereafter be set aside by any proceedings at law or in equity because of any irregularity, informality or omission by any officer in the assessment of said property, the levying of said

---

[1] The first ground related to the failure of appellants to deraign title from the United States Government, but counsel for both sides agreed in open court that this question is no longer pertinent to a determination of this litigation.

taxes, the making of the assessor's or tax book, the making or filing of the delinquent list, the recording thereof, or the recording of the list and notice of sale, or the certificate as to the publication of said notice of sale; provided, that this Act shall not apply to any suit now pending seeking to set aside any such sale, or to any suit brought within six months from the effective date of this Act for the purpose of setting aside any such sale.''

Though repealed in 1937, the act was in full force and effect at the time Payne purchased the lands in question from the state.

Appellants' argument that *Coulter* v. *Anthony* overruled numerous cases is erroneous, for if the cases cited in their brief were overruled, such ''overruling'' occurred back in 1937, when the leading case of *Carle* v. *Gehl* was decided. See 193 Ark. 1061, 104 S. W. 2d 445. There, we held that various requirements of the statute (such as the publication of the notice of sale) are jurisdictional essentials, but that the legislature had the power to dispense with certain other requirements. Failure to perform the latter was held to be a mere irregularity, cured by Act 142. The court said,

''Beyond question it is within the power of the Legislature to provide for the rules by which the foregoing exercise of power may be made both as to time and form, and, having the power in the first place to make such rules, indubitably the Legislature has the power to alter or dispense with the same. Act No. 142 merely provides that irregularities in the assessment or levy should not be ground for setting aside the tax sale. The same provision is made for irregularities in making and filing a delinquent list, the recording of the list and notice of sale *or of the certificate of the publication of said notice.*[2] As all of these requirements might have been dispensed with in the first instance, sales which otherwise would have been invalid for errors or irregularities in these respects are within the power of the Legislature to cure and validate.'' As to appellants' argument that the court has overruled

[2] Emphasis supplied.

numerous cases, we cite further language in *Carle* v. *Gehl* which directs itself to that argument:

"It is suggested in argument that the above quoted statute was in excess of the power of the Legislature in that its effect was to destroy a vested right and to strike down meritorious defenses as that term has been defined by this court. Learned counsel for appellee, in their excellent brief, argue that this is the only logical conclusion to be reached based on the decisions of this court which, they contend, announce the doctrine that where a tax sale is invalid for any irregularity, informality, illegality or omission on the part of any officer having any duty to perform in connection with the tax proceedings or tax sale, such are meritorious defenses beyond the power of the Legislature to validate even though the requirement, failure to comply with which, constitutes the irregularity, illegality or omission of duty rendering the sale invalid, could have been dispensed with by the Legislature in the first instance.

"The argument made based on our cases, which are cited, is a logical and persuasive presentation of the position taken. It demands and has been given respectful and thorough consideration, but does not convince us of its correctness. We think this view is based largely upon the inaccurate use of the word "void" for "voidable" in many of our decisions. In some of these cases the causes for which tax sales were set aside were palpable irregularities, such as the collector's certificate or affidavit being signed by a deputy sheriff instead of a deputy collector which irregularity could work no real injury to the land owners, and which, in no sense, could be deemed to be a meritorious defense. When the distinction between those omissions or acts which render the sale voidable only and those which are of that gravity which make the sale void is kept in mind, it seems that the effect of our decisions is that to constitute a meritorious defense to a tax sale there must be some act or omission to deprive the former owner of some substantial right."

Some six months later, in the case of *Wallace* v. *Todd*, 195 Ark. 134, 111 S. W. 2d 472, the exact point here at issue was decided adversely to appellant's position. There, we said,

"There is no merit in appellant's contention that the clerk failed to record the list of delinquent lands returned by the collector *and failed to make the certificate of publication of the delinquent list before the day fixed for the sale.*[3]

"Even if it should be conceded that the matters set out in the complaint, with respect to which proof was offered, were of such a nature as to invalidate the sale under authority of numerous decisions of this court, the fact remains that these were merely irregularities or informalities, such as Act No. 142 of 1935 was intended to cure."

It is thus apparent that the view expressed in *Coulter* v. *Anthony* was but a reiteration of decisions rendered *20 years earlier*. As stated in *Anthony*,

"The exact point now presented was decided in *Wallace* v. *Todd*, 195 Ark. 134, 111 S. W. 2d 472, and, in harmony with the reasoning in the *Carle* opinion, it was held that the clerk's failure to make the certificate before the day of sale is an irregularity cured by Act 142. A contrary view was expressed, in a paragraph unnecessary to the decision, in *Union Bk. & Tr. Co.* v. *Horne*, 195 Ark. 481, 113 S. W. 2d 1091, but we regard the *Carle* and *Wallace* cases as sound and adhere to them."

We take this occasion to reiterate that view.

It is true that, some years back, we held in a number of cases that the failure of the clerk to attach his certificate before the sale was a meritorious defense, and in a few cases we used the term, "jurisdictional". However, practically all of these cases were either decided before the passage of Act 142 of 1935, or the provisions of that act were not at issue. In fact, we know of only one case wherein Act 142 was applicable, which seems to hold

---

[3] Emphasis supplied.

contrary to the view herein expressed. This was the case of *Union Bank and Trust Company* v. *Horne,* heretofore mentioned in the quotation from *Coulter* v. *Anthony.* In that case, the belated making of the certificate was given as an additional reason for holding a tax sale invalid. Though the *Carle* v. *Gehl* decision pointed out that erroneous language had been used in some cases, we now emphatically state that, in any case that may arise, wherein this provision of the now repealed Act 142 of 1935 is pertinent, the fact that the clerk failed to certify to the publication of the notice of sale before the day of sale, cannot be relied upon as a defect which will, under any of our decisions, void such sale.

Affirmed.