NATHAN E. PASS, executor, *vs.* TOWN OF REHOBOTH. July 14, 1976. The ultimate objective of this bill in equity is to secure a declaration of the invalidity of a deed executed and recorded by the town treasurer (treasurer) of the town of Rehoboth (town) in 1936 by which the treasurer purported to convey to the town under the provisions of G. L. c. 60, §§ 79 and 80, the Rehoboth portion of the entire tract of land referred to in our opinion in the case of *Pass* v. *Seekonk,* decided herewith, *ante at* 447 (1976). Both cases were tried together in the Land Court. The material statutory provisions do not differ. The collector's deed recited as his only demand one made "on said Joseph McCormick Est." The relevant facts do not differ in any material respect from those recited in our opinion in the other case, except for the facts (a) that the proceedings for the appointment of an ancillary administrator were pending in the Probate Court for Bristol County at the time of the collector's demand (see *Fuller* v. *Fuller,* 228 Mass. 441, 444 [1917]) and (b) that the locus was assessed to the original plaintiff (and the taxes paid by her) from 1956 (the year of the deed to her) until the time of the filing of the bill herein (1966). This case is controlled by our decision in the other *Pass* case. The final decree is reversed; a new judgment is to be entered which declares invalid as against the plaintiff the treasurer's deed recorded in the Bristol North District Registry of Deeds in book 837, page 277; costs of appeal are not to be awarded to either party.

*So ordered.*

*Robert G. Funke* for Nathan E. Pass, executor,
*Richard N. LaSalle,* Town Counsel, for the town of Rehoboth.